IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| SHEREE BANET and MATT KAISER,   )<br>    *Plaintiffs*,   )<br>   )<br>v.   )<br>   )<br>KEITH HENDERSON, Prosecuting   )<br>Attorney, Floyd County Indiana in his   )<br>Official capacity & THE INDIANA   )<br>STATE EXCISE POLICE,   )<br>    *Defendants*.   ) | CAUSE NO. 4:13-cv-0124-TWP-WGH |

## CASE MANAGEMENT PLAN

**I.   Parties and Representatives**

    A.   *Plaintiffs:*            Sheree Banet, Matt Kaiser

        *Defendants:*         Keith Henderson, Indiana State Excise Police

    B.   *Counsel for Plaintiffs:*   Bart M. Betteau
                                          BETTEAU LAW OFFICE, LLC.
                                          1212 State Street
                                          New Albany, IN 47150
                                          Tel: (812) 542-1000
                                          Fax: (812) 542-1005
                                          Email: office@betteau.com; bart@betteau.com
                                          cbetteau@msn.com

        *Counsel for Defendants:*   Caryn M. Nieman
                                          OFFICE OF THE ATTORNEY GENERAL
                                          302 West Washington Street
                                          IGCS – 5th Floor
                                          Indianapolis, IN 46204
                                          Tel: (317) 232-6297
                                          Email: caryn.nieman@atg.in.gov

**II.   Synopsis of Case**

    A.   This action arises from events taking place on July 25th, 2013, wherein Plaintiffs, Sheree Banet and Matt Kaiser, the co-owners and operators of six "Smokeshops" were

issued multiple citations by Indiana Excise Police for Possession of supposed synthetic drug lookalikes. The citations/seizure was purportedly pursuant to a statutory scheme purporting to outlaw substances that look like supposed synthetic drugs. Plaintiffs allege the statutes are unconstitutionally vague and overbroad and seek declaratory as to that fact.

B. Defendants deny that the statutory scheme is unconstitutional.

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before December 19, 2013. [Note: Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

B. Plaintiffs shall file preliminary witness and exhibit lists on or before January 19, 2014.

C. Defendants shall file preliminary witness and exhibit lists on or before February 19, 2014.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before January 19, 2014.

E. Plaintiffs shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or January 19, 2014. Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto within 30 days after receipt of the demand.

F. Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before September 19, 2014. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before 30 days after Plaintiffs serves its expert witness disclosure; or if Plaintiff has disclosed no experts, Defendants shall make its expert disclosure on or before October 19, 2014.

G. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 60 days prior to the dispositive motion deadline. If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and

related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before October 19, 2014.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, the party shall complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at www.insd.uscourts.gov/Judges/CMP_info.htm.)

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Plaintiff believes that summary judgment will be appropriate. Whether the statute is unconstitutionally vague and overbroad is a matter law.

B. Select the track that best suits this case:

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

\_\_\_\_\_   Track 1: No dispositive motions are anticipated.  All discovery shall be completed by December 19, 2014.  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date.  The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

\_\_XX\_\_   Track 2: Dispositive motions are expected and shall be filed July 19, 2014; non-expert witness discovery and discovery relating to liability issues shall be completed between April 19, 2014, and June 19, 2014; expert witness discovery and discovery relating to damages shall be completed between August 19, 2014, and December 19, 2014.  [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

\_\_\_\_\_   Track 3: Dispositive motions are expected and shall be filed no later than July 19, 2014; expert witness discovery that may be necessary at the dispositive motions stage shall be completed between April 19, 2014, and June 19, 2014; all remaining discovery shall be completed by between August 19, 2014, and December 19, 2014.  [Note: The Court expects that this will not be the typical track when dispositive motions are anticipated.]

\_\_\_\_\_   Track 4: Dispositive motions shall be filed September 19, 2014; non-expert discovery shall be completed by April 19, 2014, and June 19, 2014; expert witness discovery shall be completed by August 19, 2014, and December 19, 2014.  [Note: The Court provides Track 4 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1-3 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1-3.]

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V.   **Pre-Trial/Settlement Conferences**

Because there is no possibility that the parties will agree on the constitutionality of the statutory scheme, an initial conference with the Magistrate Judge or District Judge would not be helpful.

VI.   **Trial Date**

The parties request a trial date in June, 2015.  The trial is by Court and is anticipated to take two (2) days.

**VII.   Referral to Magistrate Judge**

At this time, all parties do consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

**VIII.   Required Pre-Trial Preparation**

    **A.   TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.   File a list of witnesses who are expected to be called to testify at trial.

        2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.   Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.   A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.   brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.   if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.   Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

      6.     Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.     ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

      1.     Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

      2.     If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

      3.     File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

      4.     Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.     Other Matters:** None

| | |
|---|---|
| __/s/ Bart M. Betteau_____<br>Bart M. Betteau<br>BETTEAU LAW OFFICE, LLC<br>1212 State Street<br>New Albany, IN 47150<br>*Attorney for Plaintiffs* | __/s/ Caryn M. Nieman_____<br>Caryn M. Nieman<br>OFFICE OF THE ATTORNEY GENERAL<br>302 West Washington Street<br>IGCS – 5th Floor<br>Indianapolis, IN 46204<br>*Attorney for Defendants* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____   PARTIES APPEARED IN PERSON/BY COUNSEL ON  
FOR A PRETRIAL/STATUS CONFERENCE.

_____   APPROVED AS SUBMITTED.

_____   APPROVED AS AMENDED.

_____   APPROVED AS AMENDED PER SEPARATE ORDER.

_____   APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____   APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____   THIS MATTER IS SET FOR TRIAL BY _____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____.

_____   A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. COUNSEL SHALL APPEAR:

  _____ IN PERSON IN ROOM _____; OR

  _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR

  _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; OR

_____   DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**


_____                    _____
Date                                           U. S. District Court
                                               Southern District of Indiana